UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Kevin Richardson,

            Plaintiff

v.

State of Nevada,

            Defendant

Case No. 2:24-cv-01380-CDS-DJA

**Order Denying Plaintiff's Motions for Injunctive Relief and a Restraining Order, and Striking Rogue Filing**

[ECF Nos. 3, 11, 12]

Incarcerated pro so plaintiff Kevin Richardson brings this lawsuit against the State of Nevada. Richardson filed motions for a preliminary injunction and for a restraining order. ECF No. 11; ECF No. 12.[1] There has been no response to these motions because the defendant has not been served.[2] Nonetheless, I find that a decision on the motions is appropriate at this juncture without briefing from the defendant. Richardson's motion altogether fails to address the factors courts must consider in determining the appropriateness of injunctive relief or a restraining order. Further, it is unclear from his filings what relief Richardson seeks. Even construing his motions liberally, he does not provide facts that provide sufficient basis for this court to award relief. So because Richardson does not demonstrate that the remedies of a restraining order or a preliminary injunction are appropriate, I deny his motions.

**I.     Legal standard**

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Fraihat v. U.S. Immigr. and Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (quoting *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (internal citations omitted)). The Supreme Court has explained that to obtain an injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he

---

[1] The text of the two motions is identical, so I will refer to the contents of ECF No. 11 for purposes of citation.

[2] The court notes that the time for filing a response has not yet run, but because the defendant has not yet been served, no response will be docketed.

is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The Ninth Circuit uses a "'sliding scale' approach to preliminary injunctions." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under that approach, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Fraihat*, 16 F.4th at 636 (quoting *All. for the Wild Rockies*, 632 F.3d at 1135) (cleaned up).

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions "substantially identical").

II.     **Discussion**

Richardson's motions do not address any of the *Winter* factors. ECF No. 11. Even if he had addressed them, it is unclear from the face of the motion what relief he seeks, or from whom. Although this case was filed against the state of Nevada, this motion lists the defendant as "United States U.S. Attorney" in the case caption. ECF No. 11 at 1. The motions appear to cite to

a series of rules about contracts and habeas corpus but provide no facts or reasoning as to their relevance in the present case. *See id.* at 3–5. There also appears to be a motion to "Sever-Pretrial Ruling" but, again, no facts or argument are presented. *Id.* at 2.

Although "pro se pleadings must be construed liberally" (*Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016) (citing *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002))), even construing Richardson's motion in a liberal fashion, I cannot determine what his underlying cause of action is and the relief he seeks. These injunction and temporary restraining order motions—perhaps with a motion to sever as well—are not supported. The Federal Rules of Civil Procedure require that any application to the court for an order must be made by motion which, unless made during a hearing or trial, must be made in writing, state with particularity the grounds therefor, and set forth the relief or order sought. Fed. R. Civ. P. 7(b). And the local rules provide 'the failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." Local Rule 7-2(d); *see Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Because Richardson does not demonstrate the appropriateness of the requested relief at this time—and as his request for relief is unclear—I deny his motions.

Additionally, I address a rogue filing submitted by Richardson. Although the court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali*, 46 F.3d at 54 ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Further, Local Rule IC 7-1 states that "[t]he court may strike documents that do not comply with these rules." LR IC 7-1. The "Notice of Judicial Misconduct" filed by Richardson lists a large number of legal and pseudo-legal rules and statements but is not styled like a motion, does not comply with Fed. R. Civ. P. 7 and Local Rule 7-2, and does not request relief in a manner this court can comprehend. Accordingly, I find that ECF No. 3 is therefore a rogue filing, so I strike it from the record.

### III. Conclusion

IT IS THEREFORE ORDERED that Richardson's motion for a preliminary injunction [ECF No. 11] is DENIED and Richardson's motion for a temporary restraining order [ECF No. 12] is DENIED.

IT IS FURTHER ORDERED that "Notice of Judicial Misconduct" [ECF No. 3] is STRICKEN from the record as a rogue filing.

Dated: October 23, 2024

_____
Cristina D. Silva
United States District Judge